

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 9:05-cr-25 (1)** |
| | § | |
| **GONZALO ALONZO TORRES** | § | |
| **a/k/a "Chalo"** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure.  Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On May 3, 2006, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Gonzalo Alonzo Torres a/k/a "Chalo", on **Count II** of

1

the charging Superseding Indictment filed in this cause.  Count II of the Superseding Indictment charges that on or about January 11, 2003, in the Eastern District of Texas, Gonzalo Alonzo Torres a/k/a "Chalo" and Gilberto Lopez a/k/a "Spoon", the defendants herein did knowingly possess a firearm, to wit: a Marlin .22 Cal. Semi Automatic Rifle Model 60803 Limited Edition, bearing serial number WR004054, during and in relation to the commission of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute marijuana, as alleged in count IV of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).  *See Superseding Indictment*.

Defendant, Gonzalo Alonzo Torres a/k/a "Chalo", entered a plea of guilty to Count II of the Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant

personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

      d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. § 924(c)(1)(A)(i).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence.  *See Factual Resume.*  The Defendant and Government stipulated if the case proceeded to trial, the Government would prove beyond a reasonable doubt each and every element of the charged offense. Specifically, the Government would  establish,  through exhibits and the sworn testimony of numerous witnesses, the following facts, as stated in the *Factual Resume*:

On or about January 11, 2003, Juan Ramirez Sarmiento was arrested by the Deep East Texas Regional Narcotics Trafficking Task Force on two felony warrants.  At the time of his arrest he had approximately five pounds of marijuana.  Sarmiento began to cooperate and advised law enforcement officials that he had purchased the marijuana from an individual that he knew as "Chalo," who was later identified as the Defendant.  Sarmiento advised that he had called Chalo to arrange for the purchase of the marijuana.  The Defendant advised Sarmiento that he would not be present when Sarmiento would show up at the residence but that an individual identified as "Spoon" would be there with the marijuana, ready to deliver it to Sarmiento.  Sarmiento then drove to a residence at Rt. 2, Box 204-2 (in the Eastern District of

Texas) and picked up the marijuana from "Spoon" with the understanding that he would bring $2,500.00 to Spoon later.  Sarmiento also observed firearms at the residence.

Sarmiento also took Texas Department of Safety Sergeant Micky Hadnot and Diboll Police Officer Richard Thompson to the residence where he picked up the marijuana.  The officers knocked on the front door.  They noticed a 1995 Dodge pick-up that was registered to the Defendant.  The lights were turned on in every room in the house.   An officer went around to the back door and noticed that the back door was open.  The officers knocked on the back door and received no response.  At this time they smelled a strong odor of marijuana.  Sergeant Hadnot noticed a small amount of marijuana and marijuana seeds on the floor near the open back door.  Looking through the door, he observed two rolls of duct tape on a table in the living room area of the residence and a .22 caliber semi-automatic rifle located by the front door.

Sgt. Hadnot then secured the residence while he secured a search warrant.  They then conducted a protective sweep and observed more marijuana and a sawed-off shotgun in the bedroom closet of the residence.

After the officers secured the search warrant, they entered the residence and seized a .22 caliber semi-automatic rifle model 6083 limited edition, bearing serial number WR004054.  They also seized twenty-two (22) bundles of a green leafy substance wrapped in cellophane that they believed to be marijuana., along with the sawed-off shotgun in the bedroom closet.  The officers also seized an electronic "seal-a-meal," a device commonly used to vacuum-seal narcotics and marijuana, in a rear bathroom of the residence.  They also located small amount of loose marijuana and a hand-rolled marijuana cigarette in a sandwich bag on a kitchen counter of

4

the residence.  They further located two small electronic scales that are commonly used to weight marijuana and narcotics.

The seized marijuana was sent to the Department of Public Safety crime laboratory where it was tested.  It tested positive for marijuana.  The Government would finally offer a fingerprint from the sawed-off shotgun which belonged to the Defendant.

Defendant, Gonzalo Alonzo Torres a/k/a "Chalo", agreed with the above-stated facts and the Government's evidence contained within the *Factual Resume.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count II** of the charging **Superseding Indictment** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea  agreement.[1]  Accordingly, it is further recommended that, Defendant, Gonzalo

---

[1]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in

Alonzo Torres a/k/a "Chalo", be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 924(c)(1)(A)(i).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. §

---

Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).


**SIGNED this the 16th day of May, 2006.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

7